Christopher J. Camera [NJ Bar No. 027692011]
GORDON REES SCULLY MANSUKHANI, LLP
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
Telephone No.: (973) 549-2500

*Attorney for Plaintiff*
APL CO. PTE LTD.

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| APL CO. PTE LTD., <br><br> Plaintiff, <br><br> vs. <br><br> WARRIOR EXPRESS INC.; PORT KEARNY SECURITY, INC.; JOHN DOES AND XYZ CORPS <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** |

COMES NOW Plaintiff APL CO. PTE LTD. ("APL" or "Plaintiff"), and as its Complaint and causes of action against Defendants WARRIOR EXPRESS INC. ("WARRIOR"), and PORT KEARNY SECURITY, INC. ("PORT KEARNY") (collectively "Defendants") alleges upon information and belief as follows:

### PARTIES

1. Plaintiff APL is and was at all material times a foreign corporation duly organized and existing under the laws of Singapore with a principal place of business at 9 North Buona Vista Drive #14-01, The Metropolis Tower 1, Singapore, 138588.

1

2. Defendant WARRIOR is and was at all material times a corporation duly organized and existing under the laws of the State of New Jersey with a principal place of business at 1308 13th Street, North Bergen, New Jersey 07047.

3. Defendant PORT KEARNY is and was at all material times a corporation duly organized and existing under the laws of the State of New Jersey with a principal place of business at 61 Hackensack Avenue, Kearny, New Jersey 07032

4. Plaintiff APL alleges that there may be additional entities or individuals that may be responsible in some manner for the occurrences and injuries alleged in this Complaint. Their names and capacities are currently unknown to APL at this time and are identified as John Does and XYZ Corps. APL will amend this Complaint to add such additional parties when the same have been ascertained. APL is informed, believes and thereon alleges that each additional entity or individual is liable for the acts and/or omissions as set forth below, and that APL's rights against such additional entity or individual arises from such acts and/or omissions.

## JURISDICTION AND VENUE

5. As there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds the jurisdictional amount set by 28 U.S.C. § 1332, the prerequisites for diversity jurisdiction under 28 U.S.C. § 1441(b) are met and, as such, this Court is vested with subject matter jurisdiction over this action.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c) in that Defendants' places of business are within the judicial district of this Court, and they reside within the judicial district of this Court. Moreover, the actions that form the basis of this claim occurred within the judicial district of this Court.

## FACTUAL BACKGROUND

7. On or about July 2018, HP Inc. engaged APL to carry a shipment of notebook computers (the "CARGO") in container no. TCNU3465223 (the "Container") under bill of lading no APLU750860019 dated July 8, 2019 (the "APL Bill") from Yantian, China to Swedesboro, New Jersey via the port of New York, New York.

8. APL engaged WARRIOR to transport the Container from the port of New York, New York to Swedesboro, New Jersey.

9. On or about July 7, 2018, the Container was loaded aboard the vessel M/V *OOCL Poland* and transported from Yantian, China to New York, New York.

10. On or about August 7, 2018, the Container was discharged in the port in New York, New York.

11. On or about August 14, 2018, WARRIOR picked up the Container from the port in New York, New York to transport the Container to Swedesboro, New Jersey.

12. When WARRIOR picked up the Container, seal number K5101658, as set forth in the APL Bill, was intact.

13. Without APL's knowledge or authorization, on or about August 14, 2018, WARRIOR left the Container overnight at a container yard facility owned and operated by PORT KEARNY. Indeed, APL did not approve WARRIOR to leave the Container at PORT KEARNY, or make any other stops between pickup and delivery, as the transit distance from the port of New York to Swedesboro, New Jersey was about 100 miles.

14. On or about August 15, 2019, when WARRIOR picked up the Container from PORT KEARNEY, the seal of the Container was found broken and 1164 notebook computers (the "Goods") were stolen.

3

15. PORT KEARNY, acting as a bailee, was required to exercise reasonable care to prevent loss of the Goods. N.J.S.A. 12A:7–204.

16. However, the PORT KEARNY container yard facility was found to have inadequate safety measures to prevent thefts. Specifically, (a) there was only CCTV coverage for the office and not the trailer yard where the Container was left, (b) the facility's perimeter fence was inadequate as it had several openings which allowed unregulated entry to the facility, (c) access to the trailer yard was not controlled, (d) the guard at the guard booth located at the entrance to the facility did not do anything to verify the identities of those entering or exiting, nor did they inspect the integrity of any seals on the containers.

17. As a result of the stolen Cargo, the Cargo owner, HP Inc., made a claim against APL for the total value of the stolen Cargo, being US$231,216.96.

18. Under the terms of the APL Bill, APL was liable for any loss or damage to the Cargo in the Container while it was in APL's possession, custody and control, including any time it was in APL's subcontractor's possession, custody and control.

19. On or about February 2019, in accordance with the applicable terms of the APL Bill, APL settled HP Inc.'s claim for the stolen Cargo for US$231,216.96.

20. APL is informed, believes and thereon alleges that the loss and damage sustained to the Cargo owned by HP Inc., which APL was required to pay pursuant to the provisions of the APL Bill, was not based on the acts or omissions of APL, but was due solely to the acts, omissions, fault, negligence, misconduct or other actionable activity of Defendants WARRIOR and PORT KEARNY.

## **FIRST CAUSE OF ACTION**
### **(Common Law Indemnification against All Defendants)**

21. APL realleges and incorporates by reference paragraphs 1 through 20 inclusive of its Complaint.

22. APL is in no way responsible for the losses or damages which HP Inc. alleged as against APL. Rather, it was the acts, omissions, fault, negligence, misconduct or other actionable activity of Defendants WARRIOR and PORT KEARNY which caused the losses or damages which HP Inc. alleged against APL being; (a) WARRIOR's unauthorized overnight stop at the PORT KEARNY container yard facility, and (b) the inadequate safety measures at PORT KEARNY's container yard facility in accordance with N.J.S.A. 12A:7–204, specifically: (i) no CCTV coverage for the trailer yard where the Container was left, (ii) the facility's inadequate perimeter fencing; (iii) the uncontrolled access to the trailer yard, (iv) the failure of the guard to verify the identities of those entering or exiting and/or inspect the integrity of any seals on the containers.

23. As APL paid HP Inc. a total of $231,216.96, APL now alleges that the acts, omissions, fault, negligence, misconduct or other actionable activity of Defendants WARRIOR and PORT KEARNY as described herein was active, primary, and affirmative, and that any negligent or other actionable conduct or activity on the part of APL, if any, was at most only passive, derivative, and secondary.

24. Accordingly, APL is entitled to total or partial indemnification from Defendants WARRIOR and PORT KEARNY such that APL can recoup from and be reimbursed by Defendants WARRIOR and PORT KEARNY all sums that APL paid to HP Inc., being any sum in excess of APL's proportionate share of liability, if any.

25. As a direct, legal and proximate result of the acts, omissions, fault, negligence, misconduct or other actionable activity of Defendants WARRIOR and PORT KEARNY as described herein, APL has incurred and paid expenses for its defense to the HP Inc. claim including, without limitation, attorneys' fees and expenses to be proven at trial. APL will also incur future attorney's fees, court costs, expenses and damages throughout the pendency of this action.

26. Based on the foregoing, APL is entitled to be indemnified and held harmless by Defendants WARRIOR and PORT KEARNY for APL's attorneys' fees, court costs, expenses, and damages that APL has paid or incurred as a direct, legal and proximate result of the acts, omissions, fault, negligence, misconduct or other actionable activity of Defendants WARRIOR and PORT KEARNY as described herein. The above expenses are continuing and in an amount presently unknown to APL. Accordingly, APL prays for leave to amend this Complaint to assert the true amount of such expenses when APL has ascertained the same.

## SECOND CAUSE OF ACTION
**(Contractual Indemnification against Warrior Express)**

27. APL realleges and incorporates by reference paragraphs 1 through 26 inclusive of its Complaint.

28. Under the a Motor Carrier Services Agreement APL had with Defendant WARRIOR, Defendant WARRIOR agreed to "defend, hold harmless and fully indemnify [APL], against any and all claims, suits, loss, damage or liability, including reasonable attorneys' fees and costs incurred in the defense against a claim or suit, or incurred because of the wrongful failure to defend against a claim or suit . . . for: . . . (iv) loss or damage to the goods transported in the Container . . . ."

29. By reason of the stolen Cargo, which theft occurred while the Container and Cargo were in WARRIOR's possession, custody and control, being

6

a breach of the Motor Carrier Services Agreement, APL is entitled to total contractual indemnification from Defendant WARRIOR so that APL can recoup from and be reimbursed by Defendant WARRIOR all sums that APL paid to HP Inc..

30. As APL paid HP, Inc. for damages totaling $231,216.96, APL now alleges that the acts, omissions, fault, negligence, misconduct or other actionable activity of Defendant WARRIOR as described herein was active, primary, and affirmative, and that any negligent or other actionable conduct or activity on the part of APL, if any, was at most only passive, derivative, and secondary.

31. As a direct, legal and proximate result of Defendant WARRIOR's breach of the Motor Carrier Services Agreement, APL has incurred and paid expenses for its defense of HP Inc.'s cargo claim, without limitation, attorneys' fees and expenses to be proven at trial. APL will also incur future attorney's fees, court costs, expenses and damages throughout the pendency of this action.

32. Based on the foregoing, APL is entitled to be indemnified and held harmless by Defendant WARRIOR for APL's attorneys' fees, court costs, expenses, and damages that APL has paid or incurred. The above expenses are continuing and in an amount presently unknown to APL. Accordingly, APL prays for leave to amend this Complaint to assert the true amount of such expenses when APL has ascertained the same.

## **THIRD CAUSE OF ACTION**
### **(Contribution)**

33. APL realleges and incorporates by reference paragraphs 1 through 32 inclusive of its Complaint.

34. APL is in no way responsible for the losses or damages which HP Inc. alleged against APL. Rather, it was the acts, omissions, fault, negligence, misconduct or other actionable activity of Defendants WARRIOR and PORT

KEARNY which caused the losses or damages which HP Inc. alleged against APL being; (a) WARRIOR's unauthorized overnight stop at the PORT KEARNY container yard facility, and (b) the inadequate safety measures at PORT KEARNY's container yard facility in accordance with N.J.S.A. 12A:7–204, specifically: (i) no CCTV coverage for the trailer yard where the Container was left, (ii) the facility's inadequate perimeter fencing; (iii) the uncontrolled access to the trailer yard, (iv) the failure of the guard to verify the identities of those entering or exiting and/or inspect the integrity of any seals on the containers.

35. As APL paid HP Inc. for damages totaling $231,216.96, APL now alleges that the acts, omissions, fault, negligence, misconduct or other actionable activity of Defendants WARRIOR and PORT KEARNY as described herein was a substantial factor in causing the losses or damages which HP Inc. alleged against APL.

36. Based on the foregoing allegations, APL will be damaged to the extent that it must pay any sums over its proportionate share of liability, if any, as the trier of fact may assess.

37. Accordingly, APL is entitled to contribution from Defendants WARRIOR and PORT KEARNY in proportion to their share of liability, so that APL can recoup from and be reimbursed by Defendants WARRIOR and PORT KEARNY all sums that APL paid to HP Inc., being any sum in excess of APL's proportionate share of liability, if any.

38. As a direct, legal and proximate result of the acts, omissions, fault, negligence, misconduct or other actionable activity of Defendants WARRIOR and PORT KEARNY as described herein, APL has incurred and paid expenses for its defense of HP Inc.'s claim, without limitation, attorneys' fees and expenses to be proven at trial. APL will also incur future attorney's fees, court costs, expenses and damages throughout the pendency of this action.

39. Based on the foregoing, APL is entitled to contribution from Defendants WARRIOR and PORT KEARNY for APL's attorneys' fees, court costs, expenses, and damages that APL has paid or incurred as a direct, legal and proximate result of the acts, omissions, fault, negligence, misconduct or other actionable activity of Defendants WARRIOR and PORT KEARNY as described herein. The above expenses are continuing and in an amount presently unknown to APL. Accordingly, APL prays for leave to amend this Complaint to assert the true amount of such expenses when APL has ascertained the same.

## PRAYER FOR RELIEF

WHEREFORE, APL prays for judgment on its Complaint as follows:

1. For common law indemnity from Defendants WARRIOR and PORT KEARNY for all costs, fees, expenses, liability, damages, and sums including $231,216.96 in damages and costs APL was required to pay HP Inc., and all legal costs and attorney's fees that APL incurs or has incurred in this action;

2. For contractual indemnity from Defendant WARRIOR for all costs, fees, expenses, liability, damages, and sums including $231,216.96 in damages and costs APL was required to pay HP Inc., and all legal costs and attorney's fees that APL incurs or has incurred in this action;

3. For contribution from Defendants WARRIOR and PORT KEARNY or all costs, fees, expenses, liability, damages, and sums including $231,216.96 in damages and costs APL was required to pay HP Inc., and all legal costs and attorney's fees that APL incurs or has incurred in this action, in excess of APL's proportionate share of liability, if any;

4. For prejudgment and post judgment interest as permitted by law;

5. For all costs of suit herein as permitted by law;

6. For reasonable attorney's fees incurred as permitted by law; and

7. For such other and further relief as the Court deems just and proper.

Dated: November 22, 2019                    Respectfully Submitted,

                                                         GORDON REES SCULLY
                                                         MANSUKHANI, LLP

                                                         By: _____
                                                         Christopher J. Camera
                                                         [NJ Bar No. 027692011]
                                                         Attorneys for Plaintiff
                                                         APL CO. PTE LTD.
                                                         18 Columbia Turnpike, Suite 220
                                                         Florham Park, NJ 07932
                                                         Telephone No.: (973) 549-2500